UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------- X
INTERNATIONAL MONETARY SYSTEMS, LTD.           :
                                                :   CIVIL ACTION NO.
                                                :   3-09-CV-00080-RNC
         Plaintiffs,                            :
                                                :
vs.                                             :
                                                :
BARTER BUSINESS UNLIMITED, LLC,                 :
DEBORAH LOMBARDI, HEATHER LOMBARDI &            :
LISA BOUDREAU                                   :
                                                :   March 23, 2009
         Defendants                             :
----------------------------------------------------------------------X


## COMPLAINT

Plaintiff International Monetary Systems, Ltd. (IMS), by and through their attorneys, allege as follows:


## THE PARTIES

1.  The plaintiff, International Monetary Systems, Ltd., is a Wisconsin company with a principal place of business located at 16901 West Glendale Drive, New Berlin, Wisconsin 53151.

2.  The defendant Barter Business Unlimited, LLC is a Connecticut Limited Liability Company with a principal place of business located at 212 Westwood Road, Southington, Connecticut 06489.

3.  The Defendant Deborah Lombardi is a Connecticut resident with a principal place of residence located at 212 Westwood Road, Southington, Connecticut 06489.

4. The Defendant Lisa Bourdreau is a Connecticut resident with a principal place of residence located at 186 Hepworth Street, Berlin, Connecticut.

5. The Defendant Heather Lombardi is a Connecticut resident with a principal place of residence located at 83 Jewel Street, Berlin, Connecticut.

6. The Plaintiff and the Defendant Barter Business Unlimited, LLC is in the business of barter and trade exchange service. Customers belonging to the service are able to exchange services between other customers in exchange for barter credits, valued the same as cash.

## NATURE OF THE ACTION

7. On or about May 31, 2005, the Plaintiff and Defendant Deborah Lombardi entered into a purchase agreement whereby the Plaintiff was to purchase the Defendant Deborah Lombardi's full interest in Barter Business Unlimited, Incorporated (hereinafter referred to as "BBU, Inc.") for a purchase price of $1,500,000.00.

8. Said purchase price has been paid in full to the Defendant Deborah Lombardi.

9. Included in the purchase agreement filed with the Securities and Exchange Commission, was that IMS relied upon the non-compete agreements already signed by Defendants Lisa Boudreau and Heather Lombardi. Said employees remained employees of IMS.

10. On or about September 12, 2008, the Defendant Deborah Lombardi formed the Limited Liability Company known now as Barter Business Unlimited, LLC.

11. On or about September 12, 2008, Defendants Lisa Boudreau and Heather Lombardi quit their employment with the Plaintiff IMS.

12. Shortly after the Defendants Lisa Boudreau and Heather Lombardi left IMS, many of the clients of IMS were solicited by the Defendants in an effort to have the clients join BBU.

## COUNT I
**(Breach of Covenant of Good Faith and Fair Dealing as to Deborah Lombardi)**

1-12. Paragraphs 1 through 11 of the Facts are herein incorporated and made counts 1-12 of this First Count as though fully set out herein.

13. At the time the sale was completed between the Plaintiff and Defendant, the Plaintiff purchased all of the assets of the company owned by the defendant including its name, clients, assets and employees.

14. The purchase agreement was to be executed in good faith and the parties were to be dealing fairly.

15. The actions of the Defendant in starting a new company in the exact same name and the taking of the Plaintiff's clients are not in good faith.

16. The Defendant's actions purposely undermined any previous contract set forth by the parties.

## COUNT II
### (Tortuous Interference with Contract as to all Defendants)

1-12. Paragraphs 1 through 12 of the Facts are herein incorporated and made Counts 1 through 12 of this Second Count as though fully set out herein.

13. The Defendants knew or should have known of the contractual relationships between the Plaintiffs and its customers.

14. The Defendants' actions have intentionally interfered with those relationships.

15. The Defendants intentionally took client's phone numbers out of the Plaintiff's database so that they would not be able to be contacted by other employees of the Plaintiff.

16. The Plaintiff has suffered a financial loss due to the Defendants' acts.

17. The Defendants have interfered with the contracts of the Plaintiffs with their clients.


## COUNT III
### (Civil conspiracy as to all Defendants)

1-12. Paragraphs 1 through 12 of the facts are herein incorporated and made counts 1-12 of this Second Count as though fully set out herein.

13. The Defendants jointly agreed together to engage in the preparation, making, maintenance, execution, delivery of the Purchase Agreement pursuant to a common scheme and in furtherance of the object of inducing the Plaintiff to purchase the Defendant's company and give the Defendant $1,500,000.00.

14. Each of the Defendants acted in furtherance of the conspiracy to fraudulently induce the Plaintiff into purchasing the company and having Defendants Lisa Boudreau and

Heather Lombardi to remain working at the Plaintiff company and steal the Plaintiff's client list.

15. The actions of the Defendants have harmed the Plaintiffs and have caused financial damages.

### COUNT IV
### (Unjust Enrichment as to Defendant Deborah Lombardi)

1-12. Paragraphs 1 through 11 of the Second count are herein incorporated and made counts 1-11 of this Third Count as though fully set out herein.

    13. The Plaintiff paid to the Defendant the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) for the purchase of Barter Business Unlimited, Inc., including but not limited to the name, assets, website and clients of Barter Business Unlimited, Inc.

    14. Since the time of the purchase, the Seller has since used the name of Barter Business Unlimited in a new business, has used former employees of IMS, who have now become employees of Barter Business Unlimited, and has used the client list of IMS in order to further its own business purpose.

    15. The Plaintiff's purchase of the business conferred a benefit on the defendants.

    16. The defendants knew or should have known of the benefit being conferred upon them.

    17. It would be inequitable for the defendants to take advantage of the benefit without paying its reasonable value.

18.     As of the above captioned date, the reasonable value of the benefit conferred on the defendants is $1,500,000.00.

## COUNT V
### (Fraud as to Deborah Lombardi)

1-12. . Paragraphs 1 through 12 of the Third Count are herein incorporated and made counts 1-12 of this Fourth Count as though fully set out herein.

13. The Defendants made material representations and intentionally concealed material facts from the Plaintiff with regard to the transaction described herein.

14. The Defendants made material representations and intentionally concealed material facts from the Plaintiff with the intent to induce the Plaintiff to enter into said purchase agreement with Defendant, and which were relied upon by Plaintiff.

15. As a result of the misrepresentations and concealment, the Plaintiff did enter into and consummate the transaction with the Defendant, to their detriment.

## COUNT VI
### (Violation of Uniform Trade Secrets Act as to all Defendants)

1-12. Paragraphs 1 through 12 of the First count are hereby made counts 1 through 12 of this Sixth Count as though fully set out herein.

13. The Defendants actions violate the Connecticut Uniform Trade Secrets Act, C.G.S. section 35-51, *et seq.*

14. The Defendants took proprietary information from the Plaintiff in the form of customer lists and used it for their own gain.

15. The Defendants took information, including customer lists, which were sold to the Plaintiff and used it for their own gain.

16. As a result of the actions of the Defendants, the Plaintiffs have suffered damages.

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment in their favor and against all Defendants as follows:

a) Judgment for the Plaintiff on all counts together with damages in an amount to be proven at trial;

b) Costs and disbursements, including attorneys fees;

c) An injunction against the Defendants use of any of the Plaintiff's customer lists at any time in the future;

d) Such other or additional relief in favor of the Plaintiffs as the Court deems just and proper under the circumstances.

Dated Middletown, Connecticut

March 23, 2009

Respectfully Submitted,

GIBSON & BEHMAN, PC

/s/ Jennifer A. Sadaka
Jennifer A. Sadaka (ct25758)
190 Washington Street
Middletown, CT 06457
Tel. (860) 704-0044
Fax (860) 704-0069
jsadaka@gibsonbehman.com

*Attorney for International Monetary Systems, Inc.*